IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| I.B.E.W. LOCAL UNION NO. 124 HEALTH AND WELFARE FUND, a Trust Fund, <br><br>and<br><br>JOSEPH MORENO, and<br>KENNETH C. BORDEN, TRUSTEES OF THE I.B.E.W. LOCAL UNION NO. 124 HEALTH AND WELFARE FUND,<br><br>and<br><br>NATIONAL ELECTRICAL BENEFIT FUND, a Trust Fund,<br><br>and<br><br>KENNETH COOPER, and DENNIS QUEBE, TRUSTEES OF THE NATAIONAL ELECTRICAL BENEFIT FUND,<br><br>                        Plaintiffs,<br>v.<br><br>INDEPENDENT ELECTRIC MACHINERY COMPANY,<br>[SERVE:  David B. Launder, Jr.<br>             Registered Agent<br>             808 W. 69th Street<br>             Kansas City, MO  64113]<br><br>                        Defendant. | Case No. 4:23-cv-00064-BCW |

**FIRST AMENDED COMPLAINT**

**<u>COUNT I</u>**

Come now Plaintiffs, I.B.E.W. Local Union No. 124 Health and Welfare Fund, a Trust Fund, and Joseph Moreno and Kenneth C. Borden, duly appointed and acting Trustees of the I.B.E.W. Local Union No. 124 Health and Welfare Fund who are authorized to maintain this action on behalf of I.B.E.W. Local Union No. 124 Health and Welfare Fund and all the Trustees of I.B.E.W. Local

Union No. 124 Health and Welfare Fund, and, for their cause of action under Count I against Defendant, state:

1. This action arises under, and jurisdiction is founded on, Section 502 and Section 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA"), 29 U.S.C. §1132 and 29 U.S.C. §1145.

2. Plaintiffs, Joseph Moreno and Kenneth C. Borden, are duly appointed and acting Trustees of I.B.E.W. Local Union No. 124 Health and Welfare Fund who are authorized to maintain this action on behalf of the I.B.E.W. Local Union No. 124 Health and Welfare Fund and all the Trustees of the I.B.E.W. Local Union No. 124 Health and Welfare Fund; Plaintiff I.B.E.W. Local Union 124 Health and Welfare Fund (hereinafter referred to as "Plaintiff Fund"), is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. §186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. §1002.

3. Said Plaintiff Fund was established on July 3, 1952, pursuant to the collective bargaining agreement entered into between the Kansas City Division, Kansas City Chapter, National Electrical Contractors Association, Inc. (hereinafter referred to as "Association") and the International Brotherhood of Electrical Workers Local Union No. 124, AFL-CIO (hereinafter referred to as "Union"); that the Trust Agreement establishing the Plaintiff Fund was amended and revised effective June 1, 1993.

4. The situs of the Plaintiff Fund is the City of Kansas City, Missouri, and all questions pertaining to the validity, construction and administration of said Fund shall be determined in accordance with the laws of the State of Missouri and the aforementioned Federal laws.

5. Plaintiffs have served the Secretary of the Treasury and the Secretary of Labor with copies of the within Complaint as required by Section 502(h) of ERISA, 29 U.S.C. §1132(h), by depositing copies of said Complaint in the United States mail, certified mail, addressed to said

Secretary of the Treasury and said Secretary of Labor on or about the date of the filing of the Complaint.

6. Defendant, Independent Electric Machinery Company, is a Missouri corporation doing business in the States of Missouri and Kansas and particularly in the Western District of Missouri; that Defendant, at all times material herein, employed electrical workers performing work covered by the collective bargaining agreements herein mentioned.

7. In the ordinary course of business, Defendant annually engaged in substantial dollar volume in business with persons, firms and corporations which are engaged in businesses affecting commerce within the meaning of the Labor Management Relations Act, as amended, 29 U.S.C. §151, and 29 U.S.C. §185.

8. At all times material herein, Defendant agreed to be bound by the terms and conditions of collective bargaining agreements then in effect and that would subsequently be in effect between the Industrial Electric Service Association of Kansas City, Missouri and the International Brotherhood of Electrical Workers Local Union No. 124, AFL-CIO; that Defendant is thereby bound by all collective bargaining agreements in effect on said date up to and including the present date.

9. Electrical worker employees of the Defendant were employed under the terms of the collective bargaining agreements between the Industrial Electric Service Association of Kansas City, Missouri, the Kansas City Industrial Controls, Inc., and the Union under the terms of which Defendant agreed, among other things, to pay and contribute to Plaintiff Fund a certain sum per hour for each employee covered by and subject to said agreements at all times material herein; and during said period to submit written reports within fifteen (15) days after the last day of the preceding month for the hours worked during said preceding month; that said reports should list the names and hours worked and the amounts contributed for each such employee of Defendant.

10. That the Defendant is required by Section 209 of ERISA, 29 U.S.C. §1059, to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees.

11. Under the agreements hereinabove mentioned, Defendant likewise agreed, among other things, to be bound by the terms and provisions of the Trust Agreement, as amended, under which the said Plaintiff Fund is administered and to allow an official agent of the Board of Trustees of said Plaintiff Fund, upon request, during regular business hours, to inspect and make copies of any and all records of Defendant pertaining to compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and other records relevant to and of assistance in determining whether Defendant's obligations under said agreements to make payments to said Plaintiff Fund have been faithfully performed.

12. An audit of Defendant's books and records for the period of **January 1, 2018 through December 31, 2022**, shows that Defendant owes Plaintiffs **FOUR HUNDRED ELEVEN THOUSAND, ONE HUNDRED SEVENTY-THREE AND 70/100 ($411,173.70) DOLLARS** in unpaid fringe benefit contributions, **TWENTY THOUSAND, FIVE HUNDRED FIFTY-EIGHT AND 69/100 ($20,558.69) DOLLARS** as and for liquidated damages, and **FIFTY FOUR THOUSAND, SEVEN HUNDRED THIRTY-NINE AND 78/100 ($54,739.78) DOLLARS** as and for interest, for a total of **FOUR HUNDRED EIGHTY-SIX THOUSAND, FOUR HUNDRED SEVENTY-TWO AND 17/100 ($486,472.17) DOLLARS.**

13. The collective bargaining agreements and Trust Agreement, as amended, and hereinabove mentioned likewise provide that, if payment of sums due said Plaintiff Fund therein mentioned are made later than the time required, the Board of Trustees may impose on the employer liquidated damages, interest, audit costs, and reasonable attorneys' fees and Court costs incurred to enforce payments from an employer in default.

14. The collective bargaining agreements and Trust Agreement, as amended, further provide that the Board of Trustees may require the employer to put up cash deposits in advance of work and/or to enter into an escrow arrangement with the Plaintiff Fund or post a corporate bond guaranteeing performance under the Trust Agreement, as amended.

15. Plaintiffs are without an adequate remedy at law and will suffer immediate, continuing and irreparable injury, loss and damage unless Defendant is ordered to specifically perform all

obligations on Defendant's part required to be performed under the collective bargaining agreements and Trust Agreements, as amended, and herein referred to.

16. Defendant is required by Section 515 of ERISA, 29 U.S.C. §1145, to make fringe benefit contributions to Plaintiffs pursuant to and in accordance with the terms and conditions of the aforesaid collective bargaining agreements and Trust Agreement, as amended; and this action is brought by Plaintiff Trustees for and on behalf of Plaintiff Fund to enforce said Defendant's obligations under Section 515 of ERISA.

17. That pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), Plaintiffs are entitled to a mandatory award of unpaid fringe benefit contributions; interest on said unpaid fringe benefit contributions as provided for in the aforesaid Trust Agreement, as amended; liquidated damages as provided for in the aforesaid Trust Agreement, as amended; reasonable attorneys' fees; and their cost of this action.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A. For judgment against Defendant in the amount **FOUR HUNDRED ELEVEN THOUSAND, ONE HUNDRED SEVENTY-THREE AND 70/100 ($411,173.70) DOLLARS** in unpaid fringe benefit contributions, **TWENTY THOUSAND, FIVE HUNDRED FIFTY-EIGHT AND 69/100 ($20,558.69) DOLLARS** as and for liquidated damages, and **FIFTY-FOUR THOUSAND, SEVEN HUNDRED THIRTY-NINE AND 78/100 ($54,739.78) DOLLARS** as and for interest, for a total of **FOUR HUNDRED EIGHTY-SIX THOUSAND, FOUR HUNDRED SEVENTY-TWO AND 17/100 ($486,472.17) DOLLARS**; and

B. For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause; and

C. For judgment against Defendant for audit costs incurred in the prosecution of this cause; and

D. For an Order requiring Defendant to put up cash deposits in advance of work and/or to enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the collective bargaining agreements and Trust Agreement, as amended; and

E. For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. §1059, requiring Defendant to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees; and

F. For an Order requiring the Defendant to specifically perform all provisions of the current and future collective bargaining agreements and Trust Agreement, as amended, in respect to the reporting and payment of fringe benefit contributions to the Plaintiffs; and

G. For judgment against Defendant for costs incurred in this action; and

H. For such other relief as the Court may deem appropriate.

## COUNT II

Come now Plaintiffs, National Electrical Benefit Fund, a Trust Fund, and Kenneth Cooper and Dennis Quebe, duly appointed and acting Trustees of the National Electrical Benefit Fund who are authorized to maintain this action on behalf of the National Electrical Benefit Fund and for their cause of action under Count II against said Defendants state:

1. Plaintiffs, and Kenneth Cooper and Dennis Quebe, are duly appointed and acting Trustees of the National Electrical Benefit Fund who are authorized to maintain this action on behalf of the National Electrical Benefit Fund (hereinafter referred to as "Plaintiff Fund"); Plaintiff Fund is a Trust Fund an existing establish pursuant to Labor Management Relations Act, as amended, Section 302, 29 U.S.C. §186; said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA 29 U.S.C. §1002.

2. Said Plaintiff Fund was established September 3, 1946 pursuant to the collective bargaining agreement between the National Electrical Contractors Association and the International

Brotherhood of Electrical Workers; that the Trust Agreement establishing the Plaintiff Fund was amended and revised effective January 1, 1994.

3. An audit of Defendant's books and records for the period of **January 1, 2018 through December 31, 2022**, shows that Defendant owes Plaintiffs **FORTY THREE THOUSAND, FIVE AND 44/100 ($43,005.44) DOLLARS** in unpaid fringe benefit contributions, **TWO THOUSAND, ONE HUNDRED FIFTY AND 27/100 ($2,150.27) DOLLARS** as and for liquidated damages, and **Six thousand, TWO HUNDRED TWENTY-SEVEN AND 52/100 ($6,227.52) DOLLARS** as and for interest, for a total of **FIFTY ONE THOUSAND, THREE HUNDRED EIGHTY-THREE AND 23/100 ($51,383.23) DOLLARS.**

4. Plaintiffs hereby incorporate and adopt paragraphs One (1), Four (4), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Ten (10), Eleven (11), Twelve (12), Thirteen (13), Fourteen (14), Fifteen (15), Sixteen (16), and Seventeen (17) of Count I of the within Complaint.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A. For judgment against Defendant in the amount of **FORTY THREE THOUSAND, FIVE AND 44/100 ($43,005.44) DOLLARS** in unpaid fringe benefit contributions, **TWO THOUSAND, ONE HUNDRED FIFTY AND 27/100 ($2,150.27) DOLLARS** as and for liquidated damages, and **Six thousand, TWO HUNDRED TWENTY-SEVEN AND 52/100 ($6,227.52) DOLLARS** as and for interest, for a total of **FIFTY ONE THOUSAND, THREE HUNDRED EIGHTY-THREE AND 23/100 ($51,383.23) DOLLARS**; and

B. For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause; and

C. For judgment against Defendant for audit costs incurred in the prosecution of this cause; and

D. For an Order requiring Defendant to put up cash deposits in advance of work and/or to enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the collective bargaining agreements and Trust Agreement, as amended; and

E. For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. §1059, requiring Defendant to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees; and

F. For an Order requiring the Defendant to specifically perform all provisions of the current and future collective bargaining agreements and Trust Agreement, as amended, in respect to the reporting and payment of fringe benefit contributions to the Plaintiffs; and

G. For judgment against Defendant for costs incurred in this action; and

H. For such other relief as the Court may deem appropriate.

ARNOLD, NEWBOLD, SOLLARS & HOLLINS, P.C.

*/s/ Melika T. Harris*
Melika T. Harris, MO Bar No. 65952

*/s/ Mark A. Kistler*
Mark A. Kistler, Mo Bar No. 48442
1100 Main Street, Suite 2001
Kansas City, Missouri 64105
Telephone: 816-421-5788
Facsimile: 816-471-5574
mtharris@a-nlaw.com
makistler@a-nlaw.com
*Attorneys for Plaintiffs*